**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny J. Cartagena, | No. CV 05-2641-PHX-DGC(CRP) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

On August 31, 2005, Plaintiff, who was at that time incarcerated at the Durango Jail in Phoenix, Arizona, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983. (Docket 1). On February 10, 2006, the Court issued an order granting Plaintiff's Motion to proceed *In Forma Pauperis*. (Docket 3).

**RETURNED MAIL**

On February 2, 2006, the Court entered an order directing the Clerk of the Court to mail a service packet to Plaintiff, due for return to the Court on March 2, 2006. (Docket 3). The docket indicates that Plaintiff completed the service packets and returned them to the Court as directed.

On May 16, 2006, Defendant filed a Motion to Dismiss. (Docket 6). On May 17, 2006, the Court issued an order notifying Plaintiff that a motion to dismiss had been filed and giving him until June 16, 2006, to file a response. (Docket 7). The docket indicates that this

1 order was returned with notations "Release, Unable to Forward." (Docket 9). Since then, 2 Plaintiff has failed to file a Notice of Change of Address or in any way notify the Court of 3 his whereabouts.

4 Local Rule Civil 3.4(a), Rules of Practice of the U.S. District Court for the District 5 of Arizona, requires that an incarcerated litigant comply with the instructions attached to the 6 Court-approved Complaint form. Those instructions state: "You must immediately notify 7 the clerk...in writing of any change in your mailing address. Failure to notify the court of any 8 change in your mailing address may result in dismissal of your case." (Information and 9 Instructions for a Prisoner Filing Civil Rights Complaint at 2).

10 The Court in its February 10, 2006 Order notified Plaintiff that "[a]t all times during 11 the pendency of this action, Plaintiff shall immediately advise the Court and the United States 12 Marshal of any change of address and its effective date...Failure to file a Notice of Change 13 of Address may result in the dismissal of the action for failure to prosecute pursuant to 14 Federal Rule of Civil Procedure 41(b)." (Docket 3, p. 5).

15 Also, in its Notice of Assignment the Court warned Plaintiff that "[f]ailure to comply 16 with the following rules will result in your document being STRUCK and/or your case being 17 DISMISSED." (Docket 2). One of the rules listed was that "[y]ou must file a Notice of 18 Change of Address if your address changes." (*Id.*).

19 **FAILURE TO PROSECUTE**

20 Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co.* 21 *v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir.1978). In this regard, it is the 22 duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her 23 current address and to comply with the Court's orders in a timely fashion. This Court does 24 not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears 25 the burden of keeping the court apprised of any changes in his mailing address." *Carey v.* 26 *King*, 856 F.2d 1439, 1441 (9th Cir.1988). Plaintiff's failure to keep the Court informed of 27 his new address constitutes failure to prosecute.

28

1  Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
2 plaintiff to prosecute or to comply with these rules or any order of court, a defendant may
3 move for dismissal of an action."  The U.S. Supreme Court has recognized that a federal
4 district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute,
5 even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to
6 require a motion from a party. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962).
7 Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to
8 prosecute even without notice or hearing. *Id.* at 633.

9  In determining whether Plaintiff's failure to prosecute warrants dismissal of his case,
10 the Court must weigh the following five factors: "(1) the public's interest in expeditious
11 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
12 the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
13 availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 *quoting Henderson v. Duncan*,
14 779 F.2d 1421, 1423 (9th Cir.1986).  "The first two of these factors favor the imposition of
15 sanctions in most cases, while the fourth cuts against a default or dismissal sanction.  Thus
16 the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910
17 F.2d 652, 656 (9th Cir.1990).

18  Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure
19 to keep the Court informed of his address or to actively participate in this case prevents the
20 case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against
21 dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative
22 is available.  Without Plaintiff's current address, however, certain alternatives are bound to
23 be futile.  In the instant case, as in *Carey*, "[a]n order to show cause why dismissal...[is] not
24 warranted or an order imposing sanctions would only find itself taking a round trip tour
25 through the United States mail." 856 F.2d at 1441.

26  Only one less drastic sanction is realistically available.  Rule 41(b) provides that a
27 dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the
28 court in its order for dismissal otherwise specifies."  In the instant case, a dismissal with

1 prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed
2 without prejudice pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure.
3 **CONCLUSION**
4     For the foregoing reasons,
5     **IT IS ORDERED dismissing** this action without prejudice pursuant to Rule 41(b)
6 of the Federal Rules of Procedure for failure to prosecute.
7     DATED this 25th day of July, 2006.

                                    David G. Campbell
                                    United States District Judge